FRANK WAY, Respondent, v. G. W. CADDELL, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

**Account: EXTINGUISHMENT BY NOTE: WAIVER.** An account is not extinguished by a note that does not comply with the agreement between the parties as to the surety; and where the vendor promptly objects to the defect he may sue on the account although he has in the meantime used the note for the maker's benefit as he directed.

Appeal from the Livingston Circuit Court.—*Hon. E. J Broaddus*, Judge.

AFFIRMED.

*Scott J. Miller* and *Frank S. Miller* for appellant.

(1) If the plaintiff's theory was correct, then he waived his right by retaining the note eighteen months after knowl-edge that the defendant had not signed. Shoe Co. v. Bain, 46 Mo. App. 581; Robertson v. Tapley, 48 Mo. App. 239; Botts v. Spencer, 42 Mo. App. 184. (2) And by suing the note after knowledge, he accepted the same as it was, and can not afterwards sue this defendant for the same debt. Perkins v. Headley, 49 Mo. App. 562; Ins. Co. v. Kuhlman, 6 Mo. App. 522. (3) The judgment for plaintiff gives him two judg-ments for the same debt against different parties. To main-tain the last suit, he must tender the first note. He can not have both for the same debt. When he claimed first note was not according to contract and void, he had his election, and hence this judgment is erroneous. Bank v. Fletcher, 5 Wend. 85; Booth v. Smith, 3 Wend. 66; Bank v. Decatur, 13 Ala. 353; Shoe Co. v. Bank, 56 Mo. App. 662; Kirk v. Seeley, 63 Mo. App. 262; Carson v. Smith, 133 Mo. 606; Lewis v. Land Co., 124 Mo. 672.

*Oscar L. Smith* for respondent; filed a lengthy argu-ment for the respondent.

ELLISON, J.—This is an action for $40, balance on an account for $55, the purchase price of a buggy bought by de-fendant of the plaintiff. The judgment was for plaintiff. As the finding was for plaintiff we will assume as true what there was evidence tending to prove.

It appears that defendant bought the buggy, paid $15 cash and was to give a note for $——, signed by the Cummins and defendant and his brother. Some time afterwards de-

fendant brought in the note signed only by the Cummins and delivered it to plaintiff's bookkeeper who, supposing it to be right, laid it away and plaintiff did not discover the error until near a year thereafter when the note was about to become due.    That upon making this discovering he wrote to defendant of the breach of his agreement as to the note, when after some interviews concerning the matter, it was understood between them that plaintiff should sue the Cummins on the note and undertake to make the money, and that if he did not defendant was to settle the account.    Plaintiff did so; he obtained judgment but has not made the money.

There can be no question that the account for sale of the buggy was not extinguished    The note was not the one agreed upon and was never accepted by plaintiff as extinguishing the account.    As soon as plaintiff discovered it was not as it was agreed it should be, he notified defendant and his action after that was more for defendant's accommodation than his own. Certain it is that it stands confessed that defendant has obtained plaintiff's property and has not paid for it.    His defense is technical and not well grounded.    A careful reading of the argument and brief does not impress us with the soundness of the defense.    The judgment is affirmed.    All concur.